UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANGELIA JOHNSON

    Plaintiff,

v.                                Case No.: 3:19-cv-49-DPJ-FKB

CITIBANK, N.A.,

    Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Angelia Johnson ("Plaintiff"), through her attorneys, alleges the following against Citibank, N.A., ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the

- 1 -

solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendants transact business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Jackson, Hinds County, Mississippi.

7. Defendant is a banking institution engaged in the business of giving credit and collection debt, with its principal place of business located in New York, NY. Defendant can be served with process at 701 East 60th Street North, Sioux Falls, South Dakota.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Defendant was attempting to collect an alleged debt from Plaintiff.

10. In or around March of 2018, Defendant began placing calls to Plaintiff's cellular phone, phone number ending in 8613, in an attempt to collect an alleged debt.

11. The calls placed by Defendant originated mainly from (866) 322-4983; (877) 437-1981; (877) 836-5629; and (877) 836-5629.

12. On or about April 4, 2018, at 6:47 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with "Mary," Defendant's representative from telephone number (866) 322-4983

13. Defendant informed Plaintiff that it was attempting to collect a debt relating to her Sears Citibank account.

14. Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff.

15. Defendant's incessant calls continued nearly every day until June 26, 2018.

16. Between April 4, 2018 and June 26, 2018, Defendant called Plaintiff no less than one hundred and forty-four (144) times.

17. Defendant regularly called Plaintiff three (3) to five (5) times a day.

18. Many times, when Plaintiff answered calls from Defendant, there was a pre-recorded message or no person on the phone.

19. Plaintiff is a math consultant for four (4) school districts in Mississippi and often received calls while meeting with students and teachers.

20. The calls placed by Defendant were a constant distraction and reminder of her financial situation, resulting in stress, anxiety, sleepless nights, and headaches.

21. In addition to the stress and anxiety Plaintiff was experiencing due to her financial struggles, Plaintiff's mother passed away in December of 2017.

22. Plaintiff was thrust into caring for her father emotionally and financially after the loss of her mother and she regularly drove to her father's home in McComb, Mississippi, roughly an hour away from her home.

23. Plaintiff always has her cellular phone on and in her possession so that she is available for her father.

24. As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, emotional and mental pain and anguish.

## COUNT I
### Defendant's Violations of the TCPA, 47 U.S.C. § 227

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Defendant violated the TCPA. Defendant's violations include, but are not limited to, the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii)

        which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

    b.    Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

    27.    As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### Defendant's Invasion of Privacy
### (Intrusion upon Seclusion)

28. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

29. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

    b. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

    c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

30. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Angelia Johnson, respectfully requests judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant violated the TCPA;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C. Actual and punitive damages resulting from the invasion of privacy;

D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

E. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

SCHLANGER LAW GROUP LLP

Date: January 18, 2019

By: */s/Brian K. Herrington*
Brian K. Herrington, MB# 10204
602 Steed Road, Suite 100
Ridgeland, MS 39157
T: 601-208-0013
F: 646-612-7996
bherrington@consumerprotection.net